UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation,<br><br>        Plaintiff,<br><br>      v.<br><br>BEVERLY RIDLEY-GARDNER; MARVA M. RIDLEY; and JASON C. RIDLEY,<br><br>        Defendants. | NO. CV-03-0090-EFS<br><br>**DEFAULT JUDGMENT** |

    On May 25, 2006, the Court held a hearing in the above-captioned case. Plaintiffs Beverly Ridley-Gardner and Jason C. Ridley[1] were present and represented by Byron Powell. Marva Ridley, although served with notice of this action (Ct. Rec. 29-4) and Plaintiffs' intent to obtain a default judgment (Ct. Rec. 29-3), did not appear for the

---

[1] On March 21, 2006, the Court (1) dismissed Metropolitan Life Insurance Company ("Metropolitan Life") from this interpleader lawsuit, (2) awarded Metropolitan Life $3,588.00 in fees and costs from the $27,000.02 in insurance proceeds it paid into the Registry of the Court, and (3) redesignated Beverly Ridley Gardner and Jason Ridley as plaintiffs in this case. (Ct. Rec. 37.)

ORDER ~ 1

hearing. Similarly, Marva Ridley has failed to plead, defend, or otherwise appear in any way in this action as required by the Federal Rules of Civil Procedure.

During the hearing, the Court heard argument on Plaintiffs' Motion for Order of Default Judgment (Ct. Rec. 38), which was filed on April 5, 2006. After considering Plaintiffs' motion and the records and files herein, the Court granted default judgment in favor of Jason Ridley. This Order serves to memorialize and supplement the Court's oral ruling.

## I. Background

On March 20, 2003, Metropolitan Life filed a Complaint in Interpleader naming Beverly Ridley-Gardner, Marva Ridley, and Jason Ridley as Defendants. (Ct. Rec. 1.)  In its Complaint in Interpleader, Metropolitan Life explained that it had issued a $25,000.00 federal employees' life insurance ("FEGLI") policy in the name of Robert Ridley for which no beneficiary was ever designated. *Id.* ¶¶ 7 & 8. According to Metropolitan Life, Robert Ridley died on February 7, 2001, at which time the $25,000.00 life insurance policy became payable. *Id.* ¶ 9. Because Robert Ridley had not designated a beneficiary for his life insurance policy, Metropolitan Life looked to the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701, *et seq.*, for guidance as to whom benefits were to be paid out to. *Id.* ¶¶ 11 & 12. It is undisputed that under FEGLIA, Robert Ridley's benefits should be paid to Robert Ridley's surviving spouse and then to his children if no surviving spouse exists. *Id.* ¶ 12.

Robert Ridley's life insurance benefits were claimed by Marva Ridley on her own behalf and Beverly Ridley-Gardner on behalf of her son Jason

Ridley. *Id.* at ¶¶ 13 & 14. Marva Ridley claimed she was entitled to the policy benefits as Robert Ridley's surviving spouse. *Id.* ¶ 14. Meanwhile, Beverly Ridley-Gardner claimed Jason Ridley was entitled to the policy benefits as Robert Ridley's only child. *Id.* ¶ 13.

On information and belief, Metropolitan Life reported that Beverly Ridley-Gardner and Robert Ridley were married in Jamaica on August 3, 1978. *Id.* ¶ 15. According to Beverly Ridley-Gardner, she and Robert Ridley were never legally divorced and she is Robert Ridley's legal surviving spouse. *Id.* As a consequence, Beverly Ridley-Gardner asserts Robert Ridley's subsequent marriage to Marva Ridley was invalid. *Id.* On August 20, 2001, Marva Ridley purportedly wrote a letter disclaiming her rights to the policy benefits in favor of Jason Ridley. *Id.* ¶ 16. Thereafter, Metropolitan Life sent releases to Marva Ridley and Beverly Ridley-Gardner. *Id.* However, Marva Ridley allegedly did not sign the release, but instead requested the policy benefits be paid directly to her so she could then give them to Jason Ridley in the manner of her choosing. *Id.*

Due to the conflicting claims to the life insurance proceeds, Metropolitan Life filed its Complaint in Interpleader for a determination of who was legally entitled to the benefits. (Ct. Rec. 1.) In doing so, Metropolitan Life admitted payment was due under the policy, asked the Court to determine who payment should be made to, and requested reimbursement from the policy proceeds for attorney fees and costs associated with this action. *Id.* ¶¶ 19 & 20. Metropolitan Life perfected service on Beverly Ridley-Gardner and Jason Ridley on April 2, 2003 (Ct.

ORDER ~ 3

Rec. 2.), but did not serve Marva Ridley, who was believed to live in London, England.

Beverly Ridley-Gardner filed a *pro se* Answer[2] to Metropolitan Life's Complaint in Interpleader with on May 15, 2003. (Ct. Rec. 3.)  In her Answer, Beverly Ridley-Gardner admitted most of the factual allegations set forth in Metropolitan Life's Complaint in Interpleader. *Id.*  In addition, Beverly Ridley-Gardner explained her divorce with Robert Ridley "was obtained by fraudulent misrepresentations regarding service of process, and other false representations regarding facts related to the marriage" and for that reason, Robert Ridley's later marriage to Marva Ridley was invalid. *Id.* at ¶ 10.  Throughout her Answer, Beverly Ridley-Gardner repeatedly asserts Jason Ridley, her and Robert Ridley's son, is the sole beneficiary of the policy benefits. *See e.g. id.* at 6 & 7.

On August 20, 2003, in their joint scheduling conference certificate, the parties informed the Court that Marva Ridley had yet to be served and that all correspondence mailed to her last known address in London, England had been returned. (Ct. Rec. 5 at 1.)  Metropolitan Life indicated it was still attempting to locate and serve Marva Ridley. *Id.*  On August 28, 2003, the Court issued an order permitting Metropolitan Life to deposit the policy proceeds into the Registry of the Court. (Ct. Rec. 7.)  Those funds were subsequently deposited by Metropolitan Life and await disbursal.[3]

---

[2] Byron Powell entered a Notice of Appearance on behalf of Beverly Ridley-Gardner and Jason Ridley on January 7, 2004. (Ct. Rec. 9.)

[3] Metropolitan Life deposited $27,000.02 into the Registry of the

ORDER ~ 4

On February 3, 2004, following a status conference and at the Court's request, Beverly Ridley-Gardner and Jason Gardner filed a memorandum regarding the Court's authority to order service on Marva Ridley by publication. (Ct. Rec. 10.) This memorandum was followed by a February 17, 2004, Order directing Metropolitan Life to serve Marva Ridley by publication consistent with Federal Rule of Civil Procedure 4. (Ct. Rec. 11.) On August 23, 2004, Metropolitan Life moved the Court to amend the February 17, 2004, Order to require Beverly Ridley-Gardner and Jason Gardner, the real parties of interest, to proceed as if they were Plaintiffs and be responsible for serving Marva Ridley. (Ct. Rec. 12.) Furthermore, Metropolitan Life informed the Court that service on Marva Ridley must be perfected consistent with the Hague Service Convention, which does not permit international service by publication. *Id.* On August 24, 2004, the Court granted Metropolitan Life's motion and directed Beverly Ridley-Gardner and Jason Ridley to "proceed as if they were the plaintiffs in this matter and take the necessary steps to pursue their claims against Marva Ridley and to the life insurance proceeds that are the subject of this lawsuit[,]" which included serving Marva Ridley in accordance with the Hague Service Convention. (Ct. Rec. 17.)

During a December 3, 2004, status conference, counsel for Beverly Ridley-Gardner and Jason Ridley professed a need for four additional months to serve Marva Ridley due to complications relating to international service rules. (Ct. Rec. 20.) A telephonic status conference was set for March 22, 2005, to allow counsel adequate time to

---

Court. This amount represents the initial $25,000.00 in policy benefits and the amount of interest that had accrued on the policy thus far.

ORDER ~ 5

perfect service. (Ct. Recs. 20 & 22.)  During the March 22, 2005, hearing, due to the costs associated with international service, counsel for Beverly Ridley-Gardner and Jason Ridley informed the Court he was instructed by Beverly Ridley-Gardner to not serve Marva Ridley. (Ct. Rec. 23.)  As a result, the Court ordered Beverly Ridley-Gardner to appear in person, with counsel, for an April 18, 2005, hearing to show cause for her failure to comply with the Court's August 24, 2004, Order directing her and Jason Ridley to serve Marva Ridley. (Ct. Rec. 24.)

Following the April 18, 2005, show cause hearing, after learning of Beverly Ridley-Gardner's financial concerns related to serving Marva Ridley, the Court granted Beverly Ridley-Gardner and Jason Ridley sixty days to serve Marva Ridley. (Ct. Rec. 26.)  The sixty-day deadline was extended by the Court, at Beverly Ridley's request, to October 13, 2005. (Ct. Rec. 28.)  Marva Ridley was eventually served on August 15, 2005. (Ct. Rec. 29-4.)  Once service was complete, Metropolitan Life moved the Court for an order dismissing it as a party from this suit and awarding it reasonable fees and costs. (Ct. Recs. 30 & 31.)  Metropolitan Life's motion was granted on March 21, 2006, when the Court dismissed Metropolitan Life from this case and awarded it $3,588.00 in fees and costs. (Ct. Rec. 37.)

On February 8, 2006, the Clerk of the Court entered an Order of Default in favor of Beverly Ridley-Gardner and Jason Ridley and against Marva Ridley, who the Clerk of the Court indicated had "failed to answer, plead, or otherwise defend . . . ." (Ct. Rec. 35.)  Thereafter, Plaintiffs filed a Motion for Order of Default Judgment. (Ct. Rec. 38.)
///

ORDER ~ 6

*///*

## II. Analysis

**A. Who is Entitled to the Insurance Proceeds?**

Because Robert Ridley's insurance policy was a federal employees' group fife insurance ("FEGLI") policy, it is governed by 5 U.S.C. § 8701 *et al*. Under 5 U.S.C. § 8705(a), FEGLI policy proceeds are to be paid out in the following order:

> First, to the beneficiary or beneficiary or beneficiaries designated by the employee . . . .
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee.
>
> Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation.

In this case, because no beneficiary was designated by Robert Ridley, the proceeds must be paid out to his surviving spouse, or if none exists, to his surviving child or children. Here, it is undisputed that Robert Ridley married Beverly Ridley-Gardner on August 3, 1978, and that Jason Ridley was born to the couple thereafter and is Robert Ridley's only child. Furthermore, it is undisputed that Robert Ridley and Beverly Ridley-Gardner obtained a divorce and that Robert Ridley sometime later married Marva Ridley and remained married to Marva Ridley until his death. The only issue disputed in this case is whether the Robert Ridley/Beverly Ridley-Gardner divorce was valid, and if not, whether the invalidity of the marriage made the subsequent Robert Ridley/Marva Ridley marriage invalid.

ORDER ~ 7

At first glance, this issue is important because it seemingly controls who the insurance policy proceeds must be paid out to under § 8705(a). However, because Beverly Ridley-Gardner has taken no action to prove her divorce was invalid and has consistently taken the position that her son, Jason Ridley should receive the insurance proceeds, the Court concludes that Beverly Ridley-Gardner has waived all rights she may have had to the insurance proceeds under § 8705(a). Thus, it appears that the insurance proceeds should pass to Marva Ridley as Robert Ridley's surviving spouse. However, because Marva Ridley has taken no steps to appear in this case to claim the proceeds, the Court considers Plaintiffs' Motion for Order of Default Judgment to determine whether the proceeds should be paid out under § 8705 to Jason Ridley as Robert Ridley's only child.

**B. Is Jason Ridley Entitled to Default Judgment Against Marva Ridley?**

Under Federal Rule of Civil Procedure 55(b),

> [w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

Moreover, Local Rule 55.1 provides:

> A party entitled to have the Clerk enter judgment pursuant to FED. R. CIV. P. 55(b)(1) shall file an affidavit showing the principal amount due, which shall not exceed the amount demanded in the complaint, giving credit for any payments and showing the amounts and dates thereof, a computation of interest to the date of judgment, and costs and taxable disbursements claimed; the affidavit shall further state that:
>
> > (1) The party against whom judgment is sought is not an infant or an incompetent person and is not protected by the Servicemembers Civil Relief Act of 2003;

ORDER ~ 8

> (2) A default has theretofore been entered by the Clerk;
>
> (3) The disbursements sought to be taxed have been made in the action, or will necessarily be made or incurred therein.
>
> Notwithstanding the provisions of FED. R. CIV. P. 55(b)(1), the Clerk may refer any application for entry of default judgment to the Court for review prior to formal entry.

In this case, Jason Ridley complied with the requirements outlined in Rule 55(b) and Local Rule 55.1 for obtaining a default judgment. First, Jason Ridley's claim is for a "sum certain," i.e. the remaining life insurance proceeds. (Ct. Rec. 39.) Second, counsel for Jason Ridley requested a default judgment and filed an affidavit stating (a) the principal amount due ($27,000.02 - $3,588.00 = $23,412.02), (b) Marva Ridley is not an infant or an incompetent person and is not protected by the Servicemembers Civil Relief Act of 2003, (c) a default has been entered by the Clerk of the Court (Order of Default entered on February 8, 2006), and (d) the disbursements sought to be taxed have been interpled by Metropolitan Life in the amount of $27,000.02, with $3,588.00 already paid out to Metropolitan Life by Order of the Court. (Ct. Rec. 39.) For these reasons, the Court concludes Jason Ridley is entitled to default judgment and that the remaining insurance proceeds should be paid out to him.

Based upon the foregoing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. Jason Ridley's Motion for Order of Default Judgment **(Ct. Rec. 38)** is **GRANTED**.

ORDER ~ 9

1    3.  **JASON RIDLEY** is awarded judgment against **MARVA RIDLEY** as to the remaining insurance proceeds paid into the Registry of the Court by Metropolitan Life.

3.  The Clerk of the Court is ordered to **PAY** the remaining insurance proceeds that were paid into the Registry of the Court by Metropolitan Life pursuant to the Court's August 28, 2003, Order (Ct. Rec. 7) minus the amount to be withheld pursuant to Local Rule 67.1 to **"Byron Powell in Trust for Jason C. Ridley."** The money paid to Byron Powell in Trust for Jason C. Ridley shall be subject to the fees and costs previously agreed to between Beverly Ridley-Gardner, Jason Ridley, and Mr. Powell.

**IT IS SO ORDERED.** The District Court Executive is directed to:

(A)  Enter this Judgment,

(B)  Provide copies of this Judgment to counsel for Beverly Ridley-Gardner and Jason Ridley, and

(C)  **CLOSE THIS FILE.**

**DATED** this 31st day of May 2006.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2003\0090.default.judgment.wpd

ORDER ~ 10